J-S56022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DONALD EUGENE WILES | |
| Appellant | No. 162 MDA 2016 |

Appeal from the PCRA Order December 29, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0001754-1989

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 06, 2016**

Appellant, Donald Eugene Wiles, appeals from the order entered in the Cumberland County Court of Common Pleas, which denied his motion for DNA testing pursuant to § 9543.1 of the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant factual and procedural history is as follows. In 1990, a jury convicted Wiles of first-degree murder and conspiracy. Thereafter, Wiles was sentenced to life imprisonment. Wiles timely filed his first PCRA petition, which the court subsequently denied. This Court affirmed Wiles' judgment of sentence on December 3, 1993. Our Supreme Court denied allocator. Thereafter, Wiles filed three *habeas corpus* petitions, which were all

_____

[*] Former Justice specially assigned to the Superior Court.

dismissed by the United States District Court for the Middle District of Pennsylvania. Wiles' *habeas corpus* petition to our Supreme Court was also dismissed. The PCRA court denied Wiles' second and third PCRA petitions. This Court affirmed both decisions.

On September 17, 2015, Wiles filed the instant post-conviction motion, in which he sought DNA testing and fingerprint analysis of various items found at the crime scene. Wiles requested the following items be tested: a used condom, a used spoon and other utensils found in the kitchen area, cigarette butts, skin cell residue from 3 unidentified fingerprints, and any samples taken from material parts of the victim's body. **See** Appellant's Request for DNA Testing and Fingerprint Analysis, 9/17/2015, at 5. Following a hearing, the court denied the motion. This appeal followed.

On appeal, Wiles insists that the court erred in denying his motion for DNA testing. We disagree.

"Post-conviction DNA testing falls under the aegis of the" PCRA. **Commonwealth v. Conway**, 14 A.3d 101, 108 (Pa. Super. 2011) (citation omitted). The one-year jurisdictional time bar that exists under the PCRA does not apply to motions for the performance of DNA testing under § 9543.1. **See id**., at 108 n.2. "Rather, after DNA testing has been completed, the applicant may, within 60 days of receiving the test results, petition to the court for post-conviction relief on the basis of after-discovered evidence, an exception to the one-year statute of limitations." **Id**. (citation omitted). Thus, at this time, there is no jurisdictional impediment to our review.

"[O]ur standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error." *Id*., at 108 (citation, internal quotations, and footnote omitted). In reviewing an order denying a motion for post-conviction DNA testing, this Court must determine whether the movant satisfied the statutory requirements listed in § 9543.1. *See id*. Since the resolution of this appeal involves statutory construction, which involves a pure question of law, we apply a *de novo* standard and a plenary scope of review. *See id*.

Section 9543.1 provides, in pertinent part, as follows.

(1) An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S.A. § 9543.1(a)(1)-(2).

An individual seeking relief under this statute must

present a *prima facie* case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S.A. § 9543.1(c)(3)(i)-(ii)(A).

The statute also provides that a court shall not order DNA testing if, after review of the record of the applicant's trial, the court determines

that there is no reasonable possibility that the testing would produce exculpatory evidence that:

(i) would establish the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S.A. § 9543.1(d)(2)(i).

As provided in the statute, there are several threshold requirements to obtain DNA testing, which are as follows.

(1) the evidence specified must be available for testing on the date of the motion; (2) if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency.

***Commonwealth v. Williams***, 35 A.3d 44, 49 (Pa. Super. 2011). ***See also*** 42 Pa.C.S.A. § 9543.1(a)(2).

Additionally,

- 4 -

> [t]he legislature delineated a clear standard—and in fact delineated certain portions of the standard twice. Under section 9543.1(c)(3), the petitioner is required to present a *prima facie* case that the requested DNA testing, assuming it gives exculpatory results, would establish the petitioner's actual innocence of the crime. Under section 9543.1(d)(2), the court is directed not to order the testing if it determines, after review of the trial record, that there is no reasonable possibility that the testing would produce exculpatory evidence to establish petitioner's actual innocence. From the clear words and plain meaning of these provisions, there can be no mistake that the burden lies with the petitioner to make a *prima facie* case that favorable results from the requested DNA testing would establish his innocence. We note that the statute does not require petitioner to show that the DNA testing results would be favorable. However, the court is required to review not only the motion [for DNA testing], but also the trial record, and then make a determination as to whether there is a reasonable possibility that DNA testing would produce exculpatory evidence that would establish petitioner's actual innocence. We find no ambiguity in the standard established by the legislature with the words of this statute.

*Williams*, 35 A.3d at 49-50 (citation omitted).

Because Wiles' case went to verdict before January 1, 1995, he meets the threshold requirements for post-conviction DNA testing. Nevertheless, after the PCRA court assessed the trial record, it determined that there was not a reasonable possibility that DNA testing would produce exculpatory evidence to establish Wiles' actual innocence. The PCRA court explained that

> [t]he fingerprints at the scene may have been left weeks or months prior to the murder and consequently would not directly establish Defendant's innocence. Similarly, even if the DNA evidence inside the condom belongs to another unidentified party, that evidence would not establish Defendant's innocence.

PCRA Court Opinion, 12/29/15, at 4.

- 5 -

We agree. Although Wiles claims that the DNA evidence will establish his innocence, he fails to provide any evidentiary basis to infer that the fingerprints at the scene or the DNA found in the condom were left by the "true" perpetrator of the crime. Given the circumstances of the case and the speculative nature of Wiles' claim, the PCRA court concluded that DNA testing would not establish his actual innocence. In that respect, the court reasoned that

> during the trial, the Commonwealth relied primarily on witnesses to prove Defendant's guilt. The Commonwealth did not rely on DNA evidence or fingerprints. It does not appear to be disputed that simply testing the evidence would not directly establish Defendant's innocence but further investigation would be required. We therefore cannot agree with Defendant's assertion that testing the requested evidence will lead to exculpatory results, and find it more likely that there is no reasonable possibility that testing would produce exculpatory evidence.

*Id*., at 4-5.

The PCRA court's reasoning is sound. At trial, Wiles' co-conspirator provided eyewitness testimony regarding Wiles' involvement in the crime. Thus, the evidence against Wiles was more than just circumstantial. **Compare Conway**, 14 A.3d at 112-113 (reversing court's decision to deny DNA testing and holding reasonable possibility existed that DNA testing could prove applicant's actual innocence sufficient to warrant testing, where evidence produced at trial, except for testimony from jailhouse informant, was wholly circumstantial, and where the victim's clothing was ripped in such a way that indicated extensive contact with the hands of her assailant).

Under the facts and circumstances of the instant case, we have no reason to disturb the court's decision to deny Wiles' request for DNA testing. Accordingly, we affirm the court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/6/2016